## ANN MCDONALD'S TRUSTEE v. R. D. HAYMAN.

**Husband and Wife—Separate Estate of Wife not Subject to Husband's Debts—Rent.**

The renting of property by a husband and wife, does not in law or equity make the wife responsible for the rent and her separate estate cannot be subjected to the payment of her husband's debts.

**Husband and Wife—Feme Sole—How Created.**

The statute provides that upon the joint petition of husband and wife, a court of equity is invested with the power to authorize a married woman to use, sell and convey any property she may have or thereafter acquire, and may contract, sue and be sued as a feme sole.

**Husband and Wife—Separate Estate—Husband Cannot Create—Without Creditor's Consent.**

The husband cannot invest his wife with a separate estate in his own property, even in the proceeds of her own labor, to the prejudice of his creditors, but it may be done with the consent of the creditor, and in that event he is estopped by his own act to coerce payment of his debt out of the wife's separate property.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 11, 1872.

OPINION BY JUDGE PRYOR:

The only objection to the petition in this case is—that the trustee failed to make the husband of Mrs. McDonald a party to the action. The defect was afterwards cured by making the husband a party. The demurrer to the answer and amended answer of the defendant should have been sustained.

The separate estate of the wife cannot be subjected to the payment of the husband's debts. Conceding the fact that from the trial of the case it appeared in evidence as is alleged in the answer that the money for which the two notes in controversy was executed was the earnings of the wife's labor, and that all the allegations in the answer upon that subject are true, and they must be so regarded on demurrer, still the renting of the property by the husband and wife does not in law or equity make the wife responsible for the rent. The law prescribes the manner in which the wife may be made responsible upon her contracts, and also when she may act and trade as a *feme sole*. By a statute enacted in February, 1866, upon the joint petition of husband and wife, a court of equity is invested with the power to authorize a married woman to use, employ, sell and convey any property she may have or thereafter acquire, and may make contracts, sue and be sued, as a *feme sole*. The answer did not allege any such power conferred upon the wife in this case, and there was no reason why the goods in the possession of the wife were not liable for the husband's debts. Nor is there any separate estate alleged to exist in the wife by reason of any contract or otherwise. The allegation is that she was carrying on her separate business, and even conceding that it was separate estate she is not then liable for the rent. The pleadings, however, in this case show that the appellant had notice of the claim set up by the wife to the proceeds of her labor as her separate property, and this long before the greater part of his demand originated. He had rented his property to the husband and wife, and in borrowing the money, knowing that it was the husband, he executes the notes to the wife and she, in order to secure herself more certainly in the enjoyment of her own labors, assigns these notes to a trustee for her sole use and benefit.

The appellant makes a payment on one of these notes after they are assigned to the trustee, and when, as he alleges, the wife was indebted to him in a large sum of money. The husband cannot invest his wife with a separate estate in his own property or even in the proceeds of his wife's labor to the prejudice of his creditors, but it may be done with the consent of the creditor as in this case. The appellant not only executes his note to the wife, which was evidence to him of her claiming it in her separate right, but afterwards when assigned to the trustee makes a payment upon it. There is no allegation of fraud in the answer, but on the contrary the proceedings disclose the fact that the appellant was instrumental in creating this separate estate in the wife. He is estopped by his own act from coercing this claim for rent out of the notes in controversy. The judgment of the court below is reversed and cause remanded with directions to enter a judgment for the appellant for the amount of the notes and interest and for further proceedings consistent with this opinion.

*Mallam, for appellant.*

*Root, for appellee.*